# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

KERRY WILSON,                                   CASE NO. 1:08-cv-00102-OWW-GSA PC

          Plaintiff,                      ORDER DISMISSING COMPLAINT, WITH
                                                LEAVE TO FILE AMENDED COMPLAINT
   v.                                           WITHIN THIRTY DAYS

P. MCGUINESS, M.D., et al.,                     (Doc. 1)

          Defendants.
_____/

## Screening Order

### I.    Screening Requirement

Plaintiff Kerry Wilson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 12132 (Americans with Disabilities Act).  Plaintiff filed this action on January 22, 2008.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

///

1    "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

2    exceptions," none of which applies to section 1983 actions. <u>Swierkiewicz v. Sorema N. A.</u>, 534 U.S.

3    506, 512 (2002); Fed. R. Civ. P. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a short and

4    plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a).

5    "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the

6    grounds upon which it rests." <u>Swierkiewicz</u>, 534 U.S. at 512.  However, "the liberal pleading

7    standard . . . applies only to a plaintiff's factual allegations." <u>Neitze v. Williams</u>, 490 U.S. 319, 330

8    n.9 (1989).  "[A] liberal interpretation of a civil rights complaint may not supply essential elements

9    of the claim that were not initially pled." <u>Bruns v. Nat'l Credit Union Admin.</u>, 122 F.3d 1251, 1257

10   (9th Cir. 1997) (quoting <u>Ivey v. Bd. of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982)).

11   **II.   <u>Plaintiff's Claims</u>**

12   The events at issue in this action occurred at the California Substance Abuse Treatment

13   Facility ("CSATF") in Corcoran, where Plaintiff is currently housed.  Plaintiff is seeking a

14   declaratory judgment and money damages for the violation of his rights under the Eighth

15   Amendment of the United States Constitution, and the Americans with Disabilities Act.  Plaintiff

16   names Nurse Practitioner E. Mulvaney, Chief Medical Officer P. McGuinness,[1] Correctional Health

17   Services Administrator G. Martinez, and Medical Appeals Analyst C. M. Heck.

18   At some unspecified date in the past, Plaintiff was shot in both legs and one knee, and bullet

19   fragments remain in both legs.  When Plaintiff was transferred to CSATF on May 31, 2006, he

20   notified medical staff that he suffered from pain and discomfort in both legs, and he requested a cane

21   and a lower bunk on a bottom tier.  On July 19, 2006, Plaintiff was examined by Defendant

22   Mulvaney, who decided that Plaintiff did not need a cane but referred Plaintiff to an orthopedic

23   surgeon.  Plaintiff subsequently had surgery on November 1, 2006, to remove a bullet fragment from

24   his right thigh.  The surgeon ordered a cane, and recommended arthroscopy.  Plaintiff still suffers

25   pain in his right knee, his hip, and his left leg, and alleges that the denial of his rights has caused him

26   pain and suffering.

27

28
   ─────────────────
     [1] Identified as McGuiness in the complaint.

2

1        A.    **Eighth Amendment Medical Care Claim**

2        "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate

3    must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096

4    (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)).  The two part

5    test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by

6    demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or

7    the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was

8    deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059

9    (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th

10   Cir. 1997) (en banc) (internal quotations omitted)).    Deliberate indifference is shown by "a

11   purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused

12   by the indifference." Id. (citing McGuckin, 974 F.2d at 1060).  Where a prisoner is alleging a delay

13   in receiving medical treatment, the delay must have led to further harm in order for the prisoner to

14   make a claim of deliberate indifference to serious medical needs.  McGuckin at 1060 (citing Shapely

15   v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

16       Plaintiff's disagreement with Defendant Mulvaney's assessment that he did not need a cane

17   does not support a claim that Defendant violated his constitutional rights.  Neither "[a] difference

18   of opinion between a prisoner-patient and prison medical authorities regarding treatment does not

19   give rise to a s 1983 claim," Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal

20   citation omitted), nor a difference of opinion between medical personnel regarding treatment does

21   not amount to deliberate indifference, Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).  Plaintiff

22   has not alleged any facts which would support a claim that Defendant Mulvaney "[knew] of and

23   disregard[ed] an excessive risk to [Plaintiff's] health . . . ." Farmer, 511 U.S. at 837.

24       Defendants McGuinness, Martinez, and Heck were involved in reviewing and deciding

25   Plaintiff's "Reasonable Modification or Accommodation Request," in which Plaintiff sought via an

26   appeals process a cane, an egg crate mattress, and a lower bunk lower tier chrono.  (Doc. 1, Comp.,

27   Ex. A.)  Defendants Heck and Martinez denied the request at the first level of review, and Defendant

28   McGuinness denied the request at the second level of review.

1   To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under

2   color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal

3   law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). "A person deprives

4   another of a constitutional right, where that person 'does an affirmative act, participates in another's

5   affirmative acts, or omits to perform an act which [that person] is legally required to do that causes

6   the deprivation of which complaint is made.'" Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007)

7   (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection

8   can be established not only by some kind of direct, personal participation in the deprivation, but also

9   by setting in motion a series of acts by others which the actor knows or reasonably should know

10  would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44).

11  Generally, "[r]uling against a prisoner on an administrative complaint does not cause or

12  contribute to the violation." George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007). In this instance,

13  Defendants considered Plaintiff's requests made via the appeals process and denied them on the

14  ground that Plaintiff's medical needs did not warrant the relief sought. There is no basis presented

15  for imposing liability on Defendants McGuinness, Martinez, and Heck because there is no factual

16  support for a claim that they acted with deliberate indifference to a substantial risk of harm to

17  Plaintiff.

18  **B.   ADA Claim**

19  Plaintiff also seeks to impose liability for violation of Title II of the Americans with

20  Disabilities Act, which "prohibit[s] discrimination on the basis of disability." Lovell v. Chandler,

21  303 F.3d 1039, 1052 (9th Cir. 2002). "To establish a violation of Title II of the ADA, a plaintiff

22  must show that (1) [he] is a qualified individual with a disability; (2) [he] was excluded from

23  participation in or otherwise discriminated against with regard to a public entity's services, programs,

24  or activities; and (3) such exclusion or discrimination was by reason of [his] disability." Lovell, 303

25  F.3d at 1052.

26  Plaintiff has not alleged any facts with support a claim for violation of the ADA. The

27  treatment, or lack of treatment, concerning Plaintiff's medical condition does not provide a basis

28  upon which to impose liability under the ADA. Burger v. Bloomberg, 418 F.3d 882, 882 (8th Cir.

2005) (medical treatment decisions not a basis for RA or ADA claims); <u>Fitzgerald v. Corr. Corp. of</u> <u>Am.</u>, 403 F.3d 1134, 1144 (10th Cir. 2005) (Medical decisions not ordinarily within scope of ADA or RA); <u>Bryant v. Madigan</u>, 84 F.3d 246, 249 (7th Cir. 1996) ("The ADA does not create a remedy for medical malpractice."). Further, "'Title II of the ADA prohibits discrimination in programs of a *public entity* or discrimination by any such entity.'" <u>Roundtree v. Adams</u>, No. 1:01-CV-06502 OWW LJO, 2005 WL 3284405, at *8 (E.D.Cal. Dec. 1, 2005) (quoting <u>Thomas v. Nakatani</u>, 128 F.Supp.2d 684, 691 (D. Haw. 2000)) (emphasis added). Therefore, individual liability claims against Defendants are precluded.

## C.    Claim for Declaratory Relief

Plaintiff seeks a declaratory judgment in addition to money damages. "'A case or controversy exists justifying declaratory relief only when the challenged government activity is not contingent, has not evaporated or disappeared, and, by its continuing and brooding presence, casts what may well be a substantial adverse effect on the interests of the petitioning parties.'" <u>Feldman</u> <u>v. Bomar</u>, 518 F.3d 637, 642 (9th Cir. 2008) (quoting <u>Headwaters, Inc. v. Bureau of Land</u> <u>Management, Medford Dist.</u>, 893 F.2d 1012, 1015 (9th Cir. 1989) (internal quotations and citation omitted)). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." <u>U.S. v. State of Wash.</u>, 759 F.2d 1353, 1357 (9th Cir. 1985) (citations omitted).

In this instance, Plaintiff has an adequate remedy at law. Should Plaintiff file an amended complaint and thereafter prevail on his claims, he is entitled to money damages. A declaratory judgment would serve no useful purpose and would not terminate the proceedings. Therefore, this action should proceed as one for damages only.

///

///

### D.    Official Capacity Damages Claims Under Section 1983[2]

Plaintiff alleges that he is seeking to impose liability on Defendants in their individual and official capacities.  While Plaintiff may seek damages against Defendants in their personal capacities, his official capacity claims are precluded by the Eleventh Amendment, which "bars suits for money damages in federal court against a state, its agencies, and state officials in their official capacities." Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007) (citations omitted); also Hydrick, 500 F.3d at 986-87.  Therefore, Plaintiff's official capacity damages claims fail as a matter of law.

### III.    Conclusion and Order

The Court has screened Plaintiff's complaint and finds that it does not state any claims upon which relief may be granted under section 1983 or the ADA.  The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff is cautioned that he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George, 507 F.3d at 607 (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick, 500 F.3d at 987-88.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007) (citations omitted).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing

---

[2] The State does not have Eleventh Amendment immunity for claims brought under Title II of the ADA. Phiffer v. Columbia River Corr. Inst., 384 F.3d 791, 792-93 (9th Cir. 2004).

to <u>London v. Coopers & Lybrand</u>, 644 F.2d 811, 814 (9th Cir. 1981)); <u>accord</u> <u>Forsyth</u>, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1.    Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;

2.    The Clerk's Office shall send Plaintiff a complaint form;

3.    Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;

4.    Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and

5.    If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

**Dated:    September 2, 2008              /s/ Gary S. Austin**
                                         UNITED STATES MAGISTRATE JUDGE