**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KERRY WILSON,<br><br>        Plaintiff,<br><br>    v.<br><br>P. MCQUINESS, M.D., et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:08-cv-00102-OWW-GSA PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM<br><br>(Doc. 8)<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

**Findings and Recommendations Following Screening of Amended Complaint**

**I.      Procedural History**

Plaintiff Kerry Wilson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on January 22, 2008. On September 3, 2008, the Court dismissed Plaintiff's complaint, with leave to amend, for failure to state a claim. Pending before the Court is Plaintiff's amended complaint, filed September 29, 2008.

**II.     Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

**III.   Plaintiff's Amended Complaint**

Plaintiff alleges that while he was housed at California State Prison-Corcoran, Chief Medical Officer P. McQuiness, Medical Analyst C. M. Heck, Correctional Health Services Administrator C. Martinez, and Nurse Practioner E. Mulvaney violated his rights under the Eighth Amendment of the United States Constitution by acting with deliberate indifference to his serious medical needs. Plaintiff seeks damages from Defendants for the violation of his rights.

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a

1  purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused
2  by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). Deliberate indifference may be
3  manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or
4  it may be shown by the way in which prison physicians provide medical care." Id. (citing McGuckin
5  at 1060 (internal quotations omitted)). Where a prisoner is alleging a delay in receiving medical
6  treatment, the delay must have led to further harm in order for the prisoner to make a claim of
7  deliberate indifference to serious medical needs. McGuckin at 1060 (citing Shapely v. Nevada Bd.
8  of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

9  While detailed allegations are not required, a plaintiff must set forth "the grounds of his
10 entitlement to relief[,]" which "requires more than labels and conclusions, and a formulaic recitation
11 of the elements of a cause of action . . . ." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct.
12 1955, 1964-65 (2007) (internal quotations and citations omitted). "Factual allegations must be
13 enough to raise a right to relief above the speculative level . . . ." Id. at 1965 (citations omitted).

14 Plaintiff's amended complaint is devoid of any facts supporting his claim that Defendants
15 McQuiness, Heck, Martinez, and Mulvaney "[knew] of and disregard[ed] an excessive risk to
16 [Plaintiff's] health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994). "Deliberate
17 indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004).
18 "Under this standard, the prison official must not only 'be aware of the facts from which the
19 inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also
20 draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837). "'If a prison official should
21 have been aware of the risk, but was not, then the official has not violated the Eighth Amendment,
22 no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175,
23 1188 (9th Cir. 2002)).

24 Plaintiff's general allegations of lack of adequate medical treatment, failure to issue
25 necessary orders, and failure to supervise and train fall well short of supporting a claim that each
26 named defendant acted with deliberate indifference to Plaintiff's serious medical needs. Plaintiff's
27 allegations suggest nothing more than his disagreement with the medical decisions made in his case,
28 which is insufficient to support a section 1983 claim. Franklin v. Oregon, 662 F.2d 1337, 1344 (9th

Cir. 1981). Because Plaintiff was previously given notice of the deficiencies in his claims and provided with the opportunity to amend, further leave to amend is not warranted. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

### IV.    Conclusion and Recommendation

For the reasons set forth herein, the Court HEREBY RECOMMENDS that this action be dismissed, with prejudice, for failure to state a claim upon which relief may be granted under section 1983.[1]

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **February 3, 2009**                       /s/ **Gary S. Austin**
                                                                  UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff also alleges state law tort claims for fraud, negligence, and misrepresentation. Because Plaintiff has not stated a federal claim, the Court does not address his state law claims. The Court notes for the record that Plaintiff does not allege compliance with the California Tort Claims Act, which is a prerequisite to pursuit of state law tort claims. State v. Superior Court of Kings County (Bodde), 32 Cal.4th 1234, 1245, 90 P.3d 116, 124, 13 Cal.Rptr.3d 534, 543 (2004); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995).